UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| TENNESSEE RIVERKEEPER, INC., ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:22-cv-00028 |
| CITY OF LEWISBURG, ) | |
| ) | Campbell/Holmes |
| ) | |

## JOINT MOTION FOR ENTRY OF CONSENT DECREE AND STATEMENT IN SUPPORT

On November 02, 2023, the parties, through their counsel of record, lodged with the Court a proposed Consent Decree to resolve all issues raised by the Plaintiff's Complaint of August 12, 2022. The parties submit this joint motion and statement to demonstrate that the standard for the Court's entry of a Consent Decree has been met here and to request that the court enter the Consent Decree.

In further support of their motion, the parties would show to the court as follows:

1. In accordance with 40 C.F.R. § 135.5, a copy of the proposed Consent Decree was mailed to the U.S. Department of Justice, Citizen Suit Coordinator ("DOJ"), via certified mail, return receipt requested, on November 2, 2023.

2. The DOJ has responded with a letter dated December 15, 2023, which is being filed with this Motion and which states the United States does not object to the proposed Consent Decree. The letter states, in part, as follows:

> In its review, the United States seeks to ensure that the proposed consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 525-56 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or a supplemental environmental project (SEP) payment sufficient to deter future violations, or combinations of the above.
>
> Given the facts of this case, the United States has no objection to the proposed consent judgment. The fact that we do not have a basis to object to this consent judgment does not imply approval of this instrument.

3. The criteria to be applied when considering a consent decree is well established:

> The criteria to be applied when a district court decides whether to approve and enter a proposed consent decree, are whether the decree is "'fair, adequate, and reasonable, as well as consistent with the public interest.'" *United States v. County of Muskegon,* 298 F.3d 569, 580–81 (6th Cir.2002) (quoting *United States v. Jones & Laughlin Steel Corp.,* 804 F.2d 348, 351 (6th Cir.1986)). In *United States v. Akzo Coatings of America, Inc.,* 949 F.2d 1409, 1426 (6th Cir.1991), we characterized "the standard of fairness, reasonableness and consistency with the statute" as "our court's general test for consent decrees."

*United States v. Lexington-Fayette Urban Cty. Gov't.,* 591 F.3d 484, 489 (6th Cir. 2010).

The parties respectfully submit that this standard is met in the present case. This Decree requires Lawrenceburg to comply with the TDEC issued Consent Order and Assessment, case number WPC22-0062 (referred to herein as the "TDEC Order"), a copy of which was lodged with the Court along with the proposed Consent Decree (Doc 23-2, PageID# 102), and contains provisions which, when completed, should bring Lawrenceburg into compliance with their Permit and the Clean Water Act. By the proposed Consent Decree, Lawrenceburg agrees to comply with the terms of the TDEC Order. Under the proposed Consent Decree, Lawrenceburg will provide Riverkeeper with copies of any filings or submissions given to TDEC in accordance with the TDEC Order, which will enable Riverkeeper to monitor compliance with the remedial actions.

Failure to comply with any of the requirements of the proposed Consent Decree would be a violation of the Consent Decree for which Riverkeeper may take an enforcement action.

4. The result of this work will greatly benefit the public. The Decree is fair, adequate, and reasonable in that it places no onerous burden on the City and requires it to meet its obligation to TDEC and the public to come into compliance with the Clean Water Act and its permit in a way which can be monitored by Riverkeeper and enforced. Public interest is satisfied if the federal statute is complied with. Riverkeeper contends, in this case, that compliance with the statute, and with the

City's permit, requires that the City take all adequate steps to avoid overflows, and compliance with this Decree should achieve that purpose. Riverkeeper believes that the actions required of the City by this Decree provide the most effective and expeditious method of achieving compliance with the statute and the City's NPDES permit.

Accordingly, the parties respectfully request that the Court enter the Consent Decree.

Respectfully submitted,

s/ Mark E. Martin
Mark E. Martin (Alabama Bar No. ASB-9361-A41M)
P. O. Box 1486
Oneonta, AL 35121
(205) 516-9350
mmartin@markemartin.com

s/ Elizabeth A. Alexander
Elizabeth A. Alexander, BPR No. 19273
Pepper Law, PLC
1801 West End Avenue, Suite 850
Nashville, TN 37203
Telephone: 615-256-4838
balexander@pepperlawplc.com

s/ William L. Penny
William L. Penny, BPR # 9606
Burr & Foreman, LLP
222 Second Ave South
Suite 2000
Nashville, Tennessee 37201
Telephone: 615-724-3213
bpenny@burr.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above **JOINT MOTION FOR ENTRY OF CONSENT DECREE AND STATEMENT IN SUPPORT** and all exhibits thereto, if any, have been served on the below-listed person(s), via the Court's CM/ECF electronic filing system, on the 4th day of January, 2024.

Mark E. Martin
P.O. Box 1486
Oneonta, AL 35121
Telephone: (205) 516-9350
mmartin@markemartin.com

Elizabeth A. Alexander
Pepper Law, PLC
3200 West End Avenue
Suite 500
Nashville, TN 37203
(615) 256-4838
Fax: (615) 468-0384
Email: balexander@pepperlawplc.com

William L. Penny, BPR # 9606
Burr & Foreman, LLP
222 Second Ave South
Suite 2000
Nashville, Tennessee 37201
Telephone: 615-724-3213
bpenny@burr.com

*/s/ Mark E. Martin*
Mark E. Martin (Alabama Bar No. ASB-9361-A41M)