**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **TENNESSEE RIVERKEEPER, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 1:22-cv-00028** |
| **CITY of LEWISBURG, TENESSEE,** | ) | **Judge Campbell** |
| | ) | **Magistrate Judge Holmes** |
| **Defendant.** | ) | |

**SETTLEMENT AGREEMENT**
**AND**
**PROPOSED CONSENT DECREE**

### I.     STIPULATIONS

The City of Lewisburg ("Lewisburg" or "The City") is permitted to discharge treated municipal wastewater from Outfall 001 of its publicly-owned treatment works to Big Rock Creek at Mile 16.8 under a permit issued by the Tennessee Department of Environment and Conservation ("TDEC") under the National Pollutant Discharge Elimination System, Permit No. TN0022888. The publicly owned treatment works consists of the wastewater treatment system and a collection system consisting of sewer pipes, pump stations, and other collection lines.

Tennessee Riverkeeper ("Riverkeeper") issued a notice of intent to sue letter dated April 14, 2022, and filed a complaint with this Court on August 12, 2022, under Section 505 of the Clean Water Act, 33 U.S.C. § 1365, alleging that Lewisburg is in violation of certain Permit terms.

Riverkeeper's complaint seeks declaratory and injunctive relief, imposition of civil penalties, and an award of litigation expenses, including attorney and expert fees. Lewisburg denies any and all of Riverkeeper's claims in its notice of intent to sue letter and complaint.

Lewisburg, on September 29, 2023, entered into a Consent Order and Assessment (the "TDEC Order") with the Tennessee Department of Environment and Conservation ("TDEC") under which Lewisburg has undertaken certain tasks to improve its wastewater collection and treatment system and reduce or eliminate overflows. *TDEC, Div of Water Resources*, WPC22-0062. Lewisburg has timely completed the tasks to date as provided in the Consent Order and remains obligated to complete others.

Solely for the purposes of this Consent Decree, Lewisburg and Riverkeeper (collectively, the "Parties") stipulate that the Court has jurisdiction over the Parties and the subject matter of this action under section 505(a) of the CWA, 33 U.S.C. § 1365(a).

## II.    ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing Stipulations and Joint Motion for Entry of Consent Decree. Having considered the Stipulations and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1.    This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

2.    This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees. Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

3.    This Consent Decree, and any injunctive relief ordered within, applies solely to Lewisburg's wastewater discharges subject to the Permit.

4.    This Consent Decree is a full and complete settlement and release of any and all claims and demands of any kind, nature, or description whatsoever, and from any and all liabilities, damages, injuries, costs, attorneys' fees or expenses, actions or causes of action of any nature

2

whatsoever, either at law or in equity, known or unknown, fixed or contingent, which Riverkeeper may have against Lewisburg and its respective affiliates, divisions, insurers, successors, assigns, and current and former employees, attorneys, officers, directors and agents arising from, or related to, the discharge of wastewater subject to the Permit and/or the acts, facts, or transactions described or alleged in Riverkeeper's notice of intent to sue letter and complaint. Upon termination of this Consent Decree, these claims shall be released and dismissed with prejudice.

5. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Riverkeeper in this case or of any fact or conclusion of law related to those allegations. Neither this Consent Decree nor any payment pursuant hereto shall constitute evidence or be construed as a finding, adjudication, or acknowledgment of any fact, law, or liability, nor shall it be construed as an admission of violation of any law, rule or regulation.

6. **Terms and Conditions:** The requirements of this Consent Decree are as follows:

A. Lewisburg shall comply with all terms of the TDEC Order, and with the terms of any subsequent order or agreement with TDEC replacing, modifying, or supplementing that order or related to Lewisburg's compliance with its NPDES Permit for the discharge of sewage.

B. Lewisburg shall provide Riverkeeper with copies of any correspondence with TDEC regarding the TDEC Order or its requirements from the date of this agreement forward, and with any filings with TDEC required by or pertaining to the TDEC Order, including but not limited to the following:

1. Payment of the Civil Penalty required by Section XIV.1 of the TDEC Order,

2. The self-imposed sewer moratorium on new sewer connections upstream of Manhole A-26 if chronic overflow conditions exist in accordance with the Permit,

3

or the payment of any penalty for failure of compliance, as required by Section XIV.2 of the TDEC Order,

3. The Sanitary Sewer Evaluation Survey of the City's collection system upstream of Manhole A-26, if one is required or the payment of any penalty for failure of compliance, as provided by Section XIV.3 of the TDEC Order,

4. The Corrective Action Plan and Engineering Report (CAP/ER), if required or the payment of any penalty for failure of compliance, as provided by Section XIV.4 of the TDEC Order,

5. The Capacity, Management, Operations, and Maintenance program, or the payment of any penalty for failure of compliance, as required by Section XIV.5 of the TDEC Order,

6. The Final Report required by Section XIV.6 of the TDEC Order, or the payment of any penalty for failure of compliance,

7. Documents or reports evidencing any collection system overflows after CAP/ER completion and or the payment of any penalty for failure of compliance, as provided by Section XIV.7 of the TDEC Order,

8. Any written request for extension of compliance dates provided in Section XIV of the TDEC Order,

9. Any documents or correspondence with TDEC regarding or pertaining to the closing of the TDEC Order, as provided in Section XIV of the TDEC Order,

Lewisburg shall submit all such reports and correspondence in accordance with Paragraph 11 herein.

C.      Failure to comply with any of the requirements of this Settlement Agreement and Consent Decree is a violation of this Decree for which Riverkeeper may take enforcement action.

8.      **Attorney Fees and Costs:** Within thirty (30) days of the entry of this Consent Decree, Lewisburg shall pay Riverkeeper's attorney fees and costs in the total amount of Eighteen Thousand Nine Hundred Eleven and 84/100 Dollars ($18,911.84). This payment shall be in full and complete satisfaction of any claims Riverkeeper may have under the CWA for all costs of litigation, including investigative, expert and attorneys' fees and costs incurred by Riverkeeper that have or could have been claimed now or in the future in connection with Riverkeeper's claims, up to and including the entry of this Consent Decree. Such payments shall be made by check payable to "Tennessee Riverkeeper and Mark E. Martin" and mailed to its attorney, Mark E. Martin at the address in Paragraph 11, below. The payment of the above stated amount as part of the compromise and settlement is meant to be a total amount of investigative, expert and attorney fees and cost incurred in this matter.

9.      **Retention of Jurisdiction/Dispute Resolution:** This Court retains jurisdiction over this matter and while this Consent Decree remains in force, this case may be reopened without a filing fee so that the Parties may apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: (1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute and email such written notice to the contact person identified in Paragraph 11; and (2) within thirty (30) calendar days of receipt of such notice, the Parties shall meet and confer regarding the issue or dispute. If no resolution is

reached at that meeting or within thirty (30) calendar days of the written notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute. In any action to enforce this Consent Decree, the Court shall apply the same standard applied by courts in awarding fees and costs under section 505(d) of the CWA, 33 U.S.C. 1365(d), but the Parties otherwise reserve all rights and arguments concerning the right to and the allocation of attorneys' fees and costs in connection with the resolution of any such dispute.

10. **Termination:** The obligations set forth in this Consent Decree shall terminate upon the completion of its terms and the closure of the TDEC Order (WPC22-0062) and of any subsequent order or agreement replacing, modifying, or supplementing that order or related to Lewisburg's compliance with its NPDES Permit for the discharge of sewage.

11. **Notices:** All notices and other communications regarding this Consent Decree shall be in writing and shall be fully given by sending the same via e-mail to the following addresses, or to such other addresses as the Parties may designate by written notice, provided that communications that are mailed shall not be deemed to have been given until three (3) business days after mailing:

For Riverkeeper:

Mark E. Martin
Attorney at Law
P.O. Box 1486
Oneonta, AL 35121
mmartin@markemartin.com

For Lewisburg:

William L. Penny
Burr & Forman, LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
bpenny@burr.com

12. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This agreement may not be modified or amended except by a writing signed by both Parties and entered by the Court.

6

13.     Each party acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The Parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

14.     If any term, covenant, or condition of this Consent Decree is held to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision included in this Consent Decree.

15.     If for any reason the Court or the United States should decline to approve this proposed Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court or the United States to entry of this Consent Decree.

16.     Each party shall, at the request of the other, execute, acknowledge, and deliver whatever additional documents, and do such other acts, as may be reasonably required in order to accomplish and/or carry out the intent, spirit, and purposes of this Consent Decree.

17.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to Riverkeeper and Lewisburg in this matter.  The Court finds that there is no just reason for delay, and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

18.     The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a CWA suit in which the United States is not a party prior to forty-five (45) calendar days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"). Therefore, no later than five (5) calendar days after the filing of this proposed Consent Decree by the Parties, Riverkeeper shall serve copies of this Consent Decree via certified mail,

return receipt requested, upon the Administrator of the U.S. EPA and the U.S. Attorney General.

Riverkeeper shall provide copies of the return receipts to Lewisburg once received by Riverkeeper

within five calendar days.

DATED this 10th day of January, 2024.

It is so **ORDERED**.

_____
William L. Campbell, Jr.
United States District Judge

September 29, 2023
Date

FOR TENNESSEE RIVERKEEPER, INC.

s/ Mark E. Martin
Mark. E. Martin
Alabama Bar No: ASB-9361-A41M
*Admitted Pro Hac Vice*
 P.O. Box 1486
Oneonta, Alabama 35121
Telephone:    205-516-9350
Email: mmartin@markemartin.com

s/ Elizabeth A. Alexander
Elizabeth A. Alexander, BPR No. 19273
Pepper Law, PLC
1801 West End Avenue, Suite 850
Nashville, TN 37203
Telephone: 615-256-4838
balexander@pepperlawplc.com

8

FOR CITY OF LEWISBURG

September 29, 2023                         s/ William L. Penny
Date                                       William L. Penny, BPR # 9606
                                           Burr & Foreman, LLP
                                           222 Second Ave South
                                           Suite 2000
                                           Nashville, Tennessee 37201
                                           Telephone: 615-724-3213
                                           bpenny@burr.com